**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HARVARD IMMIGRATION AND REFUGEE CLINICAL PROGRAM,<br><br>                              Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>and<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>                              Defendants. | Case No. 1:21-cv-10486-JGD |

## LOCAL RULE 16.1(d) JOINT STATEMENT

Plaintiff Harvard Immigration and Refugee Clinical Program ("Plaintiff") and

Defendants U.S. Department of Homeland Security ("DHS"), U.S. Immigration and Customs

Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), U.S. Department of

Justice ("DOJ"), and the Executive Office for Immigration Review ("EOIR") (collectively,

"Defendants"), having met and conferred, in accordance with the Court's Order (Dkt. No.

15), hereby submit their Joint Statement as required by Local Rule 16.1(d).

I.      **Statement of the Case**

This is an action brought by Plaintiff under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking agency records regarding procedural protections

provided to certain unrepresented and detained individuals in removal proceedings with

serious mental disorders or conditions that may render them incompetent to represent

themselves in immigration proceedings.  Plaintiff submitted two FOIA requests to

Defendants on October 21, 2020.  One FOIA request was submitted to DHS, ICE, and CBP,

and the other FOIA request was submitted to DOJ and EOIR.  To date, Plaintiff has received

no records responsive to its requests from DHS, ICE, CBP, and DOJ.  Plaintiff has received

some records responsive to its request from EOIR.

Plaintiff filed its Complaint on March 22, 2021.  Dk. No. 1.  In its Complaint,

Plaintiff alleges that Defendants have failed to adequately search for and promptly release

responsive records, provide expedited processing, and grant statutorily required fee waivers.

*Id.*  Defendants filed their Answer on May 28, 2021.  Dkt. No. 14.

The parties contend there may be a possible resolution of the case without the need

for further litigation.  Defendants will endeavor to produce all documents responsive to

Plaintiff's requests in a timely manner and expect that each agency with responsive

documents will make a rolling production to Plaintiff.  The parties suggest that, upon review

of the responsive documents, they be permitted time to discuss narrowing the remaining

issues, and that, thereafter, a time be set for the filing of motions for summary judgment.

II.     **Joint Discovery Plan**

The parties maintain that because this is a FOIA action, the usual discovery process

does not apply.  The parties agree that initial disclosures are not necessary.  FOIA cases are

different from other civil matters subject to the discovery provisions of the Federal Rules of

Civil Procedure because the government bears the burden to justify non-disclosure of

2

documents.  *See* 5 U.S.C. § 552(a)(4)(B).  Because the government bears the burden of justifying non-disclosure in a FOIA case, discovery is not essential.

District courts typically resolve actions to enforce FOIA on summary judgment.  *See Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment.").  In FOIA cases, the agency will typically identify any withheld documents and the basis on which they are being withheld by submitting declarations often referred to as a *Vaughn* Index, named after *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Although FOIA actions are often resolved on summary judgment, discovery may be appropriate where "an agency has not taken adequate steps to uncover responsive documents."  *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1132 (N.D. Cal. 2008); *see also Scudder v. Cent. Intel. Agency*, 25 F. Supp. 3d 19, 52 (D.D.C. 2014) (granting plaintiff's motion for discovery in FOIA case).  Plaintiff expressly reserves its right to request discovery.

III.     **Proposed Schedule for the Filing of Motions**

Because Defendants anticipate producing additional documents to Plaintiffs, the parties do not propose dates for filing of motions.  Rather, the parties propose that the Court schedule periodic status conferences at times convenient to it, approximately every three months.

To ensure Defendants produce responsive documents in a timely manner, Plaintiff expressly reserves its right to request that the Court order Defendants to produce all responsive documents by a date certain and set a briefing schedule for motions for summary judgment.  Plaintiff's FOIA requests sought expedited processing because "many unrepresented ICE detainees have serious mental disorders or conditions that impact their ability to participate in their removal proceedings," "have not been afforded the procedural protections that should be provided to them by the Nationwide Policy and NQRP," and "have

been and will continue to be detained without due process and be placed into unfair

immigration proceedings without necessary legal representation." Compl. ¶ 93.  Therefore,

Plaintiff requests that Defendants produce responsive documents as expeditiously as possible.

**IV.**     **Local Rule 16.1(d)(3) Certification**

Each party will file a separate certification pursuant to Local Rule 16.1(d)(3).


Dated: July 1, 2021

Respectfully submitted,

By: /s/ *Sameer Ahmed*
Sameer Ahmed (BBO# 688952)
Sabrineh Ardalan (BBO# 706806)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
HARVARD LAW SCHOOL
6 Everett Street, Wasserstein 3103
Cambridge, Massachusetts 02138
Telephone: 617.384.7504
sahmed@law.harvard.edu
sardalan@law.harvard.edu


By: /s/ *Susan M. Poswistilo*
SUSAN M. POSWISTILO
Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3103
susan.poswistilo@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2021, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system.  Parties may access this filing through the court's CM/ECF system.

Dated: July 1, 2021

Respectfully submitted,

By: /s/ Sameer Ahmed
Sameer Ahmed (BBO# 688952)
HARVARD IMMIGRATION AND
REFUGEE CLINICAL PROGRAM
HARVARD LAW SCHOOL
6 Everett Street, Wasserstein 3103
Cambridge, Massachusetts 02138
Telephone: 617.384.7504
    sahmed@law.harvard.edu